# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

JEFFREY D. PROCELLA
ADC #134253                                                                                    PETITIONER


VS.                                              5:06CV00304 JTR


LARRY NORRIS, Director
Arkansas Department of Correction                                              RESPONDENT


## MEMORANDUM AND ORDER

### I.  Introduction

Pending before the Court[1] is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Jeffrey D. Procella.  (Docket entry #1.)  Respondent has filed a Response (docket entry #4), to which Petitioner has filed a Reply.  (Docket entries #6.)  Thus, the issues are joined and ready for disposition.

Before addressing Petitioner's habeas claims, the Court will briefly review the relevant procedural history of the case.  On July 18, 2005,  Petitioner entered a guilty plea, in Miller County Circuit Court, to one count of possession of methamphetamine, one count of possession of drug paraphernalia with intent to manufacture methamphetamine, and one count of possession of drug paraphernalia with intent to introduce a controlled substance into the human body.  (Docket entry #4, Ex. 1.)  The trial court sentenced Petitioner to 120 months of incarceration on each count, to be

---

[1]The parties have consented in writing to proceedings before a United States Magistrate Judge.  (Docket entry #9.)

served concurrently.  *Id.*  The Judgment and Commitment Order was entered on August 31, 2005.[2]

(Docket entry #1 at 18.)  Because Petitioner entered a guilty plea, he had no right to appeal his

conviction and sentence.  *See* Ark. R. App.– Crim. P. 1(a).  Petitioner acknowledges that he did not

pursue post-conviction relief in state court.  (Docket entry #1 at 5-6.)

In this federal habeas action, which Petitioner filed on November 29, 2006 (docket entry #1),

he claims that, at some point after his sentencing, he was informed by the Arkansas Department of

Correction that he would have to serve 70 percent of his sentence before he became eligible for

transfer/parole.[3]  Petitioner argues that the 70 percent rule constitutes an "illegal sentence

enhancement" in violation of his Due Process rights, and that this was not part of his negotiated plea

agreement.  Respondent argues that Petitioner's habeas claim is barred by the applicable one-year

statute of limitations.  (Docket entry #4.)

For the reasons explained below, the Court agrees that the habeas Petition was untimely filed

and must be denied.

## II.  Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a habeas

---

[2]The Judgment and Commitment Order bears a "filed" stamp from the Circuit Clerk dated August 31, 2005, in addition to a stamp-mark indicating that it was "recorded" in the "Judgments Book" on September 1, 2005.  (Docket entry #1 at 18.)  Even if that the Judgment and Commitment Order was considered "entered" on September 1, 2005, the one-day difference does not affect the outcome in this case.

[3]Although not cited by Petitioner, this appears to be a reference to the so-called "70 percent rule" which requires that a person convicted of certain felonies serve 70% of the sentenced term of imprisonment before they are eligible for parole or transfer to community punishment.  *See* Ark. Code Ann. § 16-93-611(a)(1).  The qualifying felonies include possession of drug paraphernalia with intent to manufacture methamphetamine, one of the offenses to which Petitioner entered a guilty plea.

petition must be filed within one year of the date on which the state "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Where certiorari from the United States Supreme Court is not sought, the running of the statute of limitations for purposes of § 2244(d)(1)(A), "is triggered. . . by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ [of certiorari]." *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir.1998), *cert. denied*, 525 U.S. 1187 (1999).

As indicated earlier, Petitioner had no right to appeal the conviction resulting from his guilty plea. Therefore, his conviction was "final," for purposes of the AEDPA limitations period, on August 31, 2005, the date the Judgment and Commitment Order was entered. Accordingly, Petitioner had one year from that date, until August 31, 2006, to file his Petition.

The federal habeas Petition in this case, which Petitioner signed on November 15, 2006, was filed on November 29, 2006. (Docket entry #1 at 14.) Even if Petitioner had placed the Petition in the prison mail system on November 15, 2006, it still was untimely by approximately 2 ½ months.[4]

The AEDPA also provides that the one-year limitations period is tolled while a "properly filed" application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The statutory tolling period begins when a petition for post-conviction relief is filed in the trial court and runs, in one continuous block of time, until the highest state appellate court enters a decision on

---

[4]The Eighth Circuit has held that, in analyzing whether a federal habeas petition filed by a state prisoner is timely, the "prison mailbox rule" applies. *See Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999) ("we hold that, for purposes of applying 28 U.S.C. § 2244(d), a *pro se* prisoner's petition for a writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court"). Under this rule, "a *pro se* inmate's § 2254 petition is timely filed if it is deposited in the institution's internal mail system on or before the last day for filing[.]" *Nichols*, 172 F.3d at 1077 n.5.

appeal. *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). As indicated earlier, Petitioner has admitted that he did not pursue state-court postconviction relief. Thus, statutory tolling is inapplicable in this case.

Finally, because 28 U.S.C. § 2244(d) is a statute of limitation, rather than a jurisdictional bar, equitable tolling may be applicable. *Moore v. United States*, 173 F.3d 1131, 1134 (8th Cir. 1999). However, the Eighth Circuit has cautioned that "[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), *cert. denied*, 537 U.S. 1236 (2003). Accordingly, equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time," or when "conduct of the defendant has lulled the plaintiff into inaction." *Kreutzer v. Bowersox*, 231 F.3d 460, 462 (8th Cir. 2000).

Petitioner claims that he only learned of the 70 percent rule after the one-year limitations period had expired. (Docket entry #1 at 13.) In his Reply, Petitioner adds nothing to his equitable tolling argument other than to contend that he is entitled to an evidentiary hearing.[5] (Docket entry #6.)

At most, Petitioner's allegations prove that he lacked knowledge of when he would become eligible for parole.[6] The Eighth Circuit has consistently rejected a *pro se* prisoner's lack of legal

---

[5]Petitioner has not established that there are any factual issues that need to be resolved in an evidentiary hearing. *See* Rule 8 of the Rules Governing § 2254 Cases (providing that a district court has the discretion to hold an evidentiary hearing).

[6]The Court notes that, in the context of ascertaining whether a guilty plea is knowing and voluntary, the United States Supreme Court has held that there is no federal constitutional requirement that a defendant who pleads guilty understand collateral matters to the plea, such as

knowledge as a basis for equitable tolling. *See e.g, Baker v. Norris*, 321 F.3d 769, 771-72 (8th Cir. 2003); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003).  Petitioner's allegations do not establish circumstances beyond his control that made it impossible for him to file a timely petition, nor does he allege conduct attributable to the state that lulled him into inaction. Neither has Petitioner, who pleaded guilty, established a  claim of "actual innocence" to warrant equitable tolling.

### III. Conclusion

IT IS THEREFORE ORDERED THAT the Petition for a Writ of Habeas Corpus (docket entry #1) is DENIED, and the case DISMISSED, WITH PREJUDICE.

Dated this 24th day of December, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

parole eligibility. *See Hill v. Lockhart*, 474 U.S. 52 (1985) ("We have never held that the United States Constitution requires the State to furnish a defendant with information about parole eligibility . . . .")